WILLIAM F. KNOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11135. Promulgated March 30, 1948.

*William F. Knox*, pro se.
*Hobby H. McCall, Esq.*, for the respondent.

OPINION.

OPPER, *Judge*: Petitioner challenges respondent's determination of a deficiency in income and victory taxes of $2,194.93 for the calendar year 1943.

The problem involves the interrelated effect of section 107 (a) of the Internal Revenue Code and the so-called "forgiveness" features (section 6) of the Current Tax Payment Act of 1943 upon income received in lump sums in 1943 for services rendered over a period of years including 1942 and 1943.

All of the facts have been stipulated and are hereby found accordingly. For purposes of this proceeding, they may be summarized as follows:

Petitioner, an individual, is a resident of Pittsburgh, Pennsylvania. His tax returns for 1942 and 1943, prepared on a cash-calendar year basis, were filed with the collector for the twenty-third district of Pennsylvania.

Petitioner is a lawyer and is now and has been since 1917 a member of the law partnership of Moorhead & Knox of Pittsburgh.

In 1943 the partnership received a fee for legal services covering the 90-month period from April 1, 1936, to October 1, 1943, in the amount of $20,000, which was 100 per cent of the total compensation for the services. In the same year the partnership also received another fee for legal services covering the 38-month period from April 5, 1940, to May 26, 1943, in the amount of $42,500, which was 100 per cent of the total compensation for these services.

Petitioner's share in the $20,000 fee amounted to $6,000; in the $42,500 fee, it amounted to $12,750.

Petitioner elected to make his return for 1943 pursuant to the provisions of section 107 of the Internal Revenue Code. It is conceded that under the facts petitioner could properly so elect.

If his share of the fees had been included in his gross income ratably over the period from the inception of the services to the receipt of the fees, the amounts so included for the years 1936 to 1943, would have been as follows:

| | | | |
|---|---|---|---|
| 1936 | $600. 00 | 1941 | $4, 826. 31 |
| 1937 | 800. 00 | 1942 | 4, 826. 32 |
| 1938 | 800. 00 | 1943 | 2, 277. 63 |
| 1939 | 800. 00 | | |
| 1940 | 3, 819. 74 | Total | 18, 750. 00 |

The taxes for the years 1936 to 1942 attributable to these ratable amounts, had they been so included in petitioner's gross income, under the provisions of the revenue laws in force prior to the enactment of the Current Tax Payment Act of 1943, would have been as follows:

| | | | |
|---|---|---|---|
| 1936 | $138. 00 | 1941 | $2, 651. 98 |
| 1937 | 134. 82 | 1942 | 2, 894. 50 |
| 1938 | 168. 00 | | |
| 1939 | 61. 62 | Total | 7, 603. 56 |
| 1940 | 1, 554. 64 | | |

Petitioner's tax for 1942, as shown on his return for that year and determined without applying section 6 (a) or 6 (b) of the Current Tax Payment Act of 1943, amounted to $9,537.79.[1]

In the statement attached to the notice of deficiency respondent gave the following reason for determining the deficiency:

It is determined that the provisions of Sections 6 (a) (b) and (c) of the Current Tax Payment Act of 1943 cannot be applied in the computation of your income and victory tax liability for the year 1943 to the additional tax resulting in the year 1942 from the apportioning of lump sum payments received in 1943 for services rendered over a period in excess of 36 months which you have elected to return under the provisions of Section 107 of the Internal Revenue Code.

The problem is to discover the legislative intent as to the combined application of two statutory provisions enacted for entirely unrelated reasons, but affecting jointly the tax situation of the present petitioner and presumably of many similarly situated.

---

[1] Stipulated as $9,537.80.

In 1939 Congress adopted the forerunner of a series of provisions designed to relieve taxpayers who received in one year the avails of services rendered over a longer period.[2] The approach adopted was to allocate the lump sum payment over the years during which it had been earned and to provide for a total tax no higher than would have been due had the payments been received accordingly. Sec. 107, I. R. C.[3]

For a reason which, as we have said, is totally unrelated to this problem, Congress in 1943 passed the Current Tax Payment Act. The basic purpose was to bring forward the payment of income taxes so that all taxpayers would be put as nearly as possible upon a current basis.[4] To accomplish this, and at the same time eliminate the payment of two full years' taxes in one year, provisions were enacted which in effect required the payment of a tax for 1942 or 1943, whichever was greater, and forgiveness of all but one quarter of the tax which would have been due for the forgiven year. *Lawrence W. Carpenter*, 10 T. C. 64.

The immediate issue is whether the provisions of section 107, combined with the Current Tax Payment Act, have the effect of reducing the tax on long term compensation received in 1943 by the amount of the tax which would have been forgiven had an allocable portion actually been received in 1942.

It may be observed at the outset that, unrelated as the objectives of the two provisions are, there is no inconsistency in their purposes. The inequity of requiring the levying at the higher surtax rates of a tax whose incidence fortuitously becomes concentrated in a single year is in no sense required to yield to the public purpose of placing taxpayers on a current basis without the full payment of double the annual tax. On the contrary, the broad concept of assuming for tax-computing purposes that compensation received over a long period is ratably allocable over the same period can not be completely effectuated unless a taxpayer whose income is of that character is assimilated for purposes of the forgiveness feature of the Current Tax Payment Act to one whose income was actually received for similar services over a similar period.

Hence, if we were dealing merely with the principal provisions of the respective pieces of legislation, the answer would seem to be

---

[2] S. Rept. No. 648 (76th Cong., 1st sess.), p. 7.

[3] In the form applicable to this tax year the provision reads :

"(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, *the tax* attributable to any part thereof which is included in the gross income of any individual *shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period* which precedes the date of such receipt or accrual." (Emphasis added.)

[4] H. Rept. No. 401 (78th Cong., 1st sess.), pp. 2–3.

simple. A taxpayer in receipt of compensation in 1943 covering services rendered in that and prior years, including 1942, would be expected to compute the tax which would have been due had the compensation been received ratably over those years. Such a computation would necessarily take into account the fact that for the year 1942 a part of the tax liability had been remitted by the Current Tax Payment Act, and the result would be to place a ceiling on the taxpayer's 1943 liability in accordance with petitioner's present claim.

The principal difficulty with this view is that, by section 6 (d) (3) of the Current Tax Payment Act,[5] Congress commanded that "Sections 105, 106, and 107 of such chapter (relating to limitations on tax) shall be applied without regard to subsections (a), (b), and (c)."[6] Since it is subsection (a) applicable here,[7] which eliminates the tax liability for 1942 income, it must be conceded that a literal application of this provision might justify a computation under section 107 which omits consideration of the forgiveness features of the Current Tax Payment Act. There is reason to believe, however, that, contrary to respondent's position, this was not the legislative intent, and that the purpose of section 6 (d) (3) was not that referred to.

In its original form the section in question did not mention subsection (a) at all. It was inserted in the Senate draft, and dealt only with subsections (b) and (c), each of which called for a higher rate of tax on 1943 income in the special circumstances there described.

At that time, the legislation made no provision for a payment of part of the 1942 tax. Subsection (a) was purely a forgiveness section, applicable without restriction to taxpayers whose 1943 income was

---

[5](d) RULES FOR APPLICATION OF SUBSECTIONS (a), (b), AND (c).—

 *  *  *  *  *  *

(3) FOREIGN TAX CREDIT AND APPLICATION OF SECTIONS 105, 106, AND 107.—The credit against the tax imposed by Chapter 1 of the Internal Revenue Code for the taxable year 1943 allowed by section 31 of such chapter (relating to taxes of foreign countries and of possessions of the United States), shall be determined without regard to subsections (a), (b), and (c). Sections 105, 106, and 107 of such chapter (relating to limitations on tax) shall be applied without regard to subsections (a), (b), and (c).

[6] Subsection (c), which was an anti-windfall increase in the tax based on the excess over a hypothetical tax on a normal year's income, was repealed by section 506 of the Revenue Act of 1943, and section 6 (d) (3) was reenacted without reference to it.

[7] SEC. 6 [Current Tax Payment Act of 1943]. RELIEF FROM DOUBLE PAYMENTS IN 1943.

(a) TAX FOR 1942 NOT GREATER THAN TAX FOR 1943.—In case the tax imposed by Chapter 1 of the Internal Revenue Code upon any individual * * * for the taxable year 1942 (determined without regard to this section, without regard to interest or additions to the tax, and without regard to credits against the tax for amounts withheld at source) is not greater than the tax for the taxable year 1943 (similarly determined), the liability of such individual for the tax imposed by such chapter for the taxable year 1942 shall be discharged as of September 1, 1943, except that interest and additions to such tax shall be collected at the same time and in the same manner as, and as a part of, the tax under such chapter for the taxable 1943. In such case if the tax for the taxable year 1942 (determined without regard to this section and without regard to interest or additions to the tax) is more than $50, the tax under such chapter for the taxable year 1943 shall be increased by an amount equal to 25 per centum of the tax for the taxable year 1942 (so determined) or the excess of such tax (so determined) over $50, whichever is the lesser.
 *  *  *

larger than that for 1942. The purpose of the qualifying language of section 6 (d) (3), as stated by the Senate Finance Committee, was to require "that in applying sections 105, 106, and 107 of the Internal Revenue Code (relating to limitations on tax) any *increase* in the tax [presumably only in the 1943 tax, since only the tax for that year was increased] occasioned by subsections (b) and (c) shall likewise be disregarded." (Emphasis added.) S. Rept. No. 221 (78th Cong., 1st sess.), p. 46.

In conference the provisions of subsections (a) and (b) were changed to limit the forgiveness, in effect, to '75 per cent of the tax for the smaller year, and some subsections were renumbered; and in the conference bill for the first time the reference to section 107 is accompanied by the inclusion of a reference to section 6 (a). The explanation in the Conference Report is that:

By reason of a technical rearrangement, special rules * * * related to * * * (2) the application to the taxable year 1943 of the limitations on tax rate effected by sections 105, 106, and 107 of the code * * *. [H. Rept. No. 510 (78th Cong., 1st sess.), p. 65.]

The meaning which Congress intended the section to convey is thus clarified.[8] In the light of the committee reports, the provision should be read as though its language were somewhat as follows: In applying section 107 for years in which a tax must be attributed to 1943 and subsequent years, the increase in tax for 1943, occasioned originally by subsections (b) and (c), and subsequently by subsection (a), shall be disregarded. The application proposed by respondent would operate to eliminate only a decrease in tax in reliance upon a provision intended to affect increases. No reason appears or has been advanced why Congress should have desired to deprive section 107 taxpayers of the sort of relief to which all taxpayers, regardless of status, were entitled under the Current Tax Payment Act. Not only the absence of any such purpose, but the inequity appearing from a comparison of the situation of taxpayers receiving 107 income in 1943 with those whose similar income was received in any other year dissuades us from such a construction of the statute.

Even though 1942 was one of the two years involved in the Current Tax Payment Act, a taxpayer receiving income in that year could apply section 107 and obtain its benefits; and this would be true, even though his 1942 income exceeded that for 1943, and accordingly sub-

---

[8] The effect of this legislative history and of these committee reports has been said by one author to "lend support to the conclusion that Section 6 (d) (3) was intended to provide only that taxpayers would not be permitted to consider the increase in 1943 tax caused by the Current Tax Payment Act (25% of the tax for whichever of the two years was lower) as a part of 1943 taxes in determining whether the tax for that year, computed without the benefit of Section 107, was greater or less than the tax for that year computed by applying Section 107." Vernon, "Some Current Problems under Section 107," 1 Tax Law Rev. 357, 378.

jected him to the provisions of subsection (b),[9] rather than (a). And even a taxpayer receiving 107 income in 1943 would secure its benefit if his 1942 tax were the larger.[10]  This is so, notwithstanding that subsection (d) (3) calls for application of section 107 "without regard to subsections (a), (b), *and* (c)" (emphasis added), and that the legislative purpose that the impact of section 107 shall thus be the same as to both subsections (a) and (b) consequently seems undeniable.

Similarly, a taxpayer receiving such income in 1944, even though it was partly attributable to the forgiveness years of 1942 and 1943, is permitted to apply section 107.  Letter of Commissioner, dated January 14, 1948, 48–5 Prentice-Hall, ¶76,197.  This ruling, incidentally, demonstrates that respondent does not himself construe the language of 6 (d) (3) literally.  It can not be reiterated with too much emphasis that the operative language is "section 107 shall be applied without regard to" the Current Tax Payment Act.  Nowhere is section 6 required to be applied without respect to section 107.  The 1944 situation to which respondent's ruling refers requires an application of section 107, and if this were to be done without respect to section 6, it would involve the treatment of income attributed to 1942 and 1943 as though there had been no forgiveness.  This, however, the respondent now apparently concedes is not the proper construction of the statutory provisions.

[9](b) TAX FOR 1942 GREATER THAN TAX FOR 1943.—In case the tax imposed by Chapter 1 of the Internal Revenue Code upon any individual * * * for the taxable year 1942 (determined without regard to this section, without regard to interest or additions to the tax, and without regard to credits against the tax for amounts withheld at source) is greater than the tax for the taxable year 1943 (similarly determined), the liability of such individual for the tax imposed by such chapter for the taxable year 1942 shall be discharged as of September 1, 1943, except that interest and additions to such tax shall be collected at the same time and in the same manner as, and as a part of, the tax under such chapter for the taxable year 1943.  In such case, the tax under such chapter for the taxable year 1943 shall be increased by—

(1) the amount by which the tax imposed by such chapter for the taxable year 1942 (determined without regard to this section and without regard to interest and additions to such tax) exceeds the tax imposed by such chapter for the taxable year 1943 (determined without regard to this section, without regard to interest and additions to such tax, and without regard to credits against such tax under section 466 (e) or under section 35 of such chapter), plus

(2) if the tax for the taxable year 1943 (determined without regard to this section, without regard to interest or additions to the tax, and without regard to credits against such tax under section 466 (e) or under section 35 of such chapter) is more than $50, an amount equal to 25 per centum of the tax for the taxable year 1943 (so determined) or the excess of such tax (so determined) over $50, whichever is the lesser.  Such amount shall in no case exceed 25 per centum of the tax for the taxable year 1942 (determined without regard to this section and without regard to interest and additions to such tax) or the excess of such tax (so determined) over $50, whichever is the lesser.

[10] A taxpayer in receipt of 107 income in 1943, but whose 1942 income is nevertheless larger, would, of course, be governed by section 6 (b).  That section specifies computation of the tax for 1943 under chapter 1, which necessarily includes section 107.  Section 6 (b) then calls for the payment of the amount by which the 1942 tax exceeds the 1943 tax; for the payment of 25 per cent of the 1943 tax as computed (that is, under Chapter 1, including 107) and for the forgiveness of the balance.  6 (d) (3) would thus have been meticulously complied with, but such a taxpayer would have received the benefit of both section 107 and section 6.

It is thus 1943 taxpayers alone who are singled out for discriminatory treatment if respondent's interpretation is correct. We think it impossible to attribute such a purpose to the framers of the legislation. It suffices to borrow only the illuminating language of Judge Learned Hand:[11]

Courts have not stood helpless in such situations; the decisions are legion in which they have refused to be bound by the letter, when it frustrates the patent purpose of the whole statute. * * * Of course it is true that the words used, even in their literal sense, are the primary, and ordinarily the most reliable, source of interpreting the meaning of any writing: be it a statute, a contract, or anything else. But it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary; but to remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning.

Finally, the case of *Federico Stallforth*, 6 T. C. 140, is in fact an instance of such an approach. There we concluded that compensation earned in part while the taxpayer was a nonresident, but received after he became a resident, was not to be considered as freed of its proportional tax burden by the provisions of section 107. The result was, as here, a recognition of the supremacy of the legislative purpose over a too literal devotion to mechanical phraseology. The case holds, in effect, that a taxpayer's status as a resident is to be determined as of the year only when the income was actually received, notwithstanding the statutory reference to inclusion in gross income ratably over the whole period. We were there construing the relationship between section 107 and a specialized provision, section 116, applying to the tax status of nonresident aliens, a factor which was recognized in the opinion. We there said:

* * * Hence, section 107 (a) and 116 (a) relate to different subject matters, i. e., rate of taxation to be applied under certain conditions and the computation of net income under certain conditions.

The opinion concludes "that section 116 (a) is not applicable * * *."

The Current Tax Payment Act, on the other hand, was legislation of general application dealing not with a restricted class, such as nonresident aliens, but with all taxpayers; no question of status in one year or another was involved. As to the forgiven year, the act did in fact deal with rates, since its effect was to establish as the rate of tax only the unforgiven portion. The doctrine of the *Stallforth* case has, we think, no bearing upon such a question as the present, where the relationship of section 107 to other legislation of universal application is the central issue.

We accordingly view respondent's refusal to permit petitioner to apply the provisions of the Current Tax Payment Act to the computa-

[11] *Cabell* v. *Markham* (C. C. A., 2d Cir.), 148 Fed. (2d) 737, 739; affd. 326 U. S. 404.

tion of his tax under section 107 as unwarranted. The deficiency is disapproved.

Reviewed by the Court.    *Decision will be entered under Rule 50.*

KERN, *J.*, concurs only in the result.

---

HILL *J.*, dissenting: The question here involves the application of section 107 (a), Internal Revenue Code, and subsections 6 (a), (b), and (d) (3) of the Current Tax Payment Act of 1943. Section 107 (a) is a relief provision to lighten the tax burden in respect of a lump sum payment of compensation for personal services rendered over a period of 36 months or more prior to the time of payment. It prescribes that the tax on such income shall be imposed for the year in which it is received, but to accomplish the relief indicated the lump sum payment is ratably apportioned for the computation of tax to the several tax periods over which the services were rendered. The tax is computed on each of such portions as if it had been received in the tax period to which it is apportioned. The total of the taxes so computed on the several portions is the measure of tax in respect of such lump sum payment to be imposed in the tax year in which such payment is received. The apportionment ratably of such payment to the several tax periods mentioned and the computation of the tax thereon as indicated does not add to or otherwise affect the tax liability in either of such prior tax periods. Section 107 plainly provides for its application as above stated and we have so held in *Federico Stallforth*, 6 T. C. 140. There is no provision in the Current Tax Payment Act which changes or varies such application.

In the instant proceeding the prior tax periods to which the section 107 income received in 1943 was attributed for computation of the tax thereon were 1936 to 1942, inclusive. The tax liability for each of such tax periods was fixed and determined on the basis of the taxable income received in each of such periods. For the year 1942 the tax liability so determined was $9,537.80.

Subsections 6 (a) and (b) of the Current Tax Payment Act prescribe the method for placing taxpayers on the current tax payment basis, beginning with the tax year 1943. Subsection 6 (a) provides that if the tax liability for 1942 is less than the tax liability for 1943 (each computed without regard to the provisions of the Current Tax Payment Act) the tax for 1943 shall be the amount thereof normally computed on the basis of income received in that year and that there shall be added thereto an amount equal to one-fourth of the tax liability for 1942 (computed on the basis of income received in 1942).

Subsection 6 (b) provides that if the tax liability for 1942 is greater than the tax liability for 1943 (each computed without regard to the provisions of the Current Tax Payment Act) the tax for 1943 shall

be the amount thereof so computed plus the amount of the excess of the tax for 1942 over such computed tax for 1943 and plus the additional amount of one-fourth of the regularly computed tax for 1943. Under both subsections 6 (a) and (b), the tax liability for 1942 is discharged as of September 1, 1943. The tax for 1943, computed on the basis of the income received in that year and without regard to the provisions of the Current Tax Payment Act, is $15,929.28. This amount being greater than the tax liability for 1942, subsection 6 (a) applies, under the provisions of which 75 per cent of the tax liability for 1942 is forgiven and an amount equal to 25 per cent of the tax liability for 1942 is added to the computed tax for 1943 of $15,929.28 to constitute the tax liability for 1943. Seventy-five per cent of the tax liability for 1942 is $7,153.35 and 25 per cent of the tax liability for 1942 is $2,384.45. The latter amount, added to the computed tax for 1943 of $15,929.28, makes the tax for 1943, under the provisions of the Current Tax Payment Act, $18,313.73, as determined by respondent.

Petitioner contends and the majority opinion holds that in determining petitioner's tax liability for 1943 and 1942 under the Current Tax Payment Act only $13,923.68 of the $18,750 of section 107 income received in 1943 shall be taken into account in computing the 1943 tax and that the remainder, $4,826.32, shall be added to the income received in 1942 in computing the tax for that year. The latter amount is the portion of the section 107 income of 1943 attributable to 1942 for computation of tax for 1943 under provisions of section 107 (a). By such operation petitioner computes and the majority opinion holds the tax for 1942 to be $12,432.30 instead of $9,537.80 and the tax for 1943 to be $16,142.86 instead of $18,313.73, as determined by respondent.

In making such computation (which is approved by the majority opinion) petitioner includes in his 1943 return the portions of section 107 income attributable to each of the years 1936 to 1941, inclusive, and includes in his 1943 tax the total of the taxes computed thereon, but petitioner excludes (and the majority opinion approves) from his 1943 return that portion ($4,826.32) of his 1943 section 107 income attributable to 1942 for the computation thereon of the 1943 tax and adds such portion to his 1942 income for computation of his 1942 tax. The tax on $4,826.32, computed under the provisions of section 107 (a), was $2,894.50. Thus, petitioner transferred $2,894.50 from the tax of 1943 to the tax of 1942, notwithstanding that it was unquestionably a tax liability of 1943 and also was unquestionably not a tax liability for 1942. The resultant effect of such transfer was a forgiveness of 75 per cent of $2,894.50 of the 1943 tax, thereby relieving petitioner of a tax liability in the amount of $2,170.88, in diametric contradiction of the unmistakably clear provisions of section 107 (a) and of the Current Tax Payment Act.

So, it is obvious that the majority opinion holds that under subsection 6 (a) of the Current Tax Payment Act petitioner is entitled (1) to a forgiveness of 75 per cent of his tax liability of $9,537.50 for 1942, amounting to $7,153.35, and (2) a forgiveness of 75 per cent of $2,894.50 of his tax liability for 1943, amounting to $2,170.88. This amounts to a total forgiveness of tax in the amount of $9,324.23, whereas petitioner's 1942 tax liability was only $9,537.50. Petitioner's forgiveness of tax under the Current Tax Payment Act is limited to 75 per cent of the latter amount. The forgiveness approved by the majority is excessive in the amount of $2,170.88. Such excess results from the forgiveness of 75 per cent of $2,894.50 of the 1943 tax as above indicated.

The statutory provisions in both the Current Tax Payment Act and in section 107 are directly and specifically contrary to the holding of the majority. This is true even without regard to subsection 6 (d) (3), but that subsection specifically provides that "Sections 105, 106 and 107 of such chapter (relating to limitations on tax) shall be applied without regard to subsections (a) and (b)."

The language just quoted is so unmistakably clear as to require no interpretation. It is self-interpretative. In line with the plain provisions of the statutes involved, the Commissioner's regulations, section 36.6 (b), T. D. 5300 (1943 C. B. 43), provide as follows:

In any case in which * * * section 107 of the Internal Revenue Code * * * is applicable to either of the years 1942 or 1943, the tax liability for the respective years will first be determined by the application of such sections after which section 6 will be applied.

It appears to me beyond question that the above quoted provision of the regulations correctly sets forth the method of application of section 107, Internal Revenue Code, and section 6 of the Current Tax Payment Act as prescribed therein.

In the face of the clear provisions of the applicable statutes to the contrary, I find it difficult to understand the assurance with which the majority reaches its conclusion herein. Something is said therein about inequity to the recipient of section 107 income if the words of the section are taken at face value, but no such inequity is or can be, in my opinion, pointed out. On the other hand, it is apparent that the majority opinion discriminates in favor of recipients of section 107 income in 1943 and against such recipients in prior and subsequent years. Also, it nullifies in part the provisions of section 107 (a), without legislative or other authority therefor.

I am so firmly convinced that the majority opinion is fundamentally erroneous that I can not refrain from expressing dissent.

TURNER, LEECH, DISNEY, HARLAN, and LEMIRE, *JJ.*, agree with this dissent.