William S. Moorhead v. Commissioner.
William S. Moorhead v. Commissioner
Docket No. 11136.
United States Tax Court
1948 Tax Ct. Memo LEXIS 225; 7 T.C.M. (CCH) 161; T.C.M. (RIA) 48046; March 30, 1948
William S. Moorhead, pro se. Hobby H. McCall, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined a deficiency in income and victory taxes for the year 1943 in the amount of $6,941, not all of which is in controversy. Another unrelated adjustment not being contested and it being stipulated that petitioner could and did report the receipt of income in a lump sum in 1943 for services performed during the years 1936 to 1943, pursuant to Internal Revenue Code, section 107 (a), the sole remaining question is the proper application of section 107 (a) as it relates to the so-called "forgiveness" features (section 6) of the Current Tax Payment Act of 1943. All of the facts have been stipulated and are hereby found accordingly. For purposes of this proceeding, *226 they may be summarized as follows: Petitioner, a lawyer by profession, is a resident of Pittsburgh, Pennsylvania, and filed his tax returns, prepared on a cashcalendar year basis, with the collector for the twenty-third district of Pennsylvania. Since 1917 he has been a member of the law partnership of Moorhead & Knox of Pittsburgh. In 1943 the partnership received a fee for legal services covering the period from April 1, 1936, to October 1, 1943, in the amount of $20,000, which was 100 percent of the total compensation received for the services. During the same year the partnership received another fee for legal services covering the period April 5, 1940, to May 26, 1943, in the amount of $42,500, which was 100 percent of the total compensation for those services. Petitioner's share of the $20,000 fee was $14,000; his share of the other fee was $29,750. Petitioner elected to make his return for 1943 pursuant to the provisions of section 107 of the Internal Revenue Code. If petitioner's share of the lump sum fees received in 1943 had been included in his gross income ratably from the inception of the services to the receipt of the fees, the amounts *227 so included for each of the years 1936 to 1943, would have been as follows: Year
Amount
1936
$ 1,400.00
1937
1,866.66
1938
1,866.66
1939
1,866.67
1940
8,912.72
1941
11,261.41
1942
11,261.41
1943
5,314.47
Total
$43,750.00
The taxes attributable to these ratable amounts, had they been so included, for each of the years 1936 to 1942, under provisions of the revenue laws in force prior to the enactment of the Current Tax Payment Act of 1943, would have been as follows: Year
Amount
1936
$ 770.00
1937
877.33
1938
728.00
1939
653.34
1940
5,882.39
1941
7,696.94
1942
9,053.78
Total
$25,661.78
The taxes attributable to the ratable amounts hereinabove set forth, if they had been included in the gross income of petitioner, for each of the years 1936 to 1942, both inclusive, and if section 6 (a) of the Current Tax Payment Act of 1943 is to be applied to discharge the tax attributable to the year 1942 and to add one-fourth thereof to the tax for the taxable year 1943, would be, as follows: Year
Amount
1936
$ 770.00
1937
877.33
1938
728.00
1939
653.34
1940
5,882.39
1941
7,696.94
1942
2,263.45
Total
$18,871.45
*228 In the statement attached to the notice of deficiency, respondent determined: "* * * that the provisions of Section 6 (a), (b) and (c) of the Current Tax Payment Act of 1943 cannot be applied in the computation of your income and victory tax liability for the year 1943 to the additional tax resulting in the year 1942 from the apportioning of lump sum payments received in 1943 for services rendered over a period in excess of 36 months which you have elected to return under the provisions of Section 107 of the Internal Revenue Code." The decision in William F. Knox, 10 T.C. 550, (March 30, 1948), is controlling on the sole contested issue here. Respondent's determination must be overruled. Decision will be entered under Rule 50.