ARTHUR T. SCHMIDT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9398.   Promulgated April 30, 1948.

*Arthur T. Schmidt*, pro se.
*John E. Mahoney, Esq.*, for the respondent.

OPINION.

OPPER, *Judge*: Respondent determined a deficiency in petitioner's income and victory tax liability for the year 1943 in the amount of $5,888.11.

The only litigated issue involves the interrelated effect of section 107 (a) of the Internal Revenue Code and the so-called "forgiveness" features (section 6) of the Current Tax Payment Act of 1943 upon income received in lump sums in 1943 for services rendered over a period of years including 1942 and 1943.

All of the facts have been stipulated and are hereby found accordingly. For purposes of this proceeding, they may be summarized as follows:

Petitioner resides at 29 Afterglow Way, Montclair, New Jersey. He is engaged in the practice of law, with offices at 92 Liberty Street, New York, New York.

During 1943 petitioner received two fees, hereinafter referred to as section 107 income, the services for which were attributable in part to previous periods in accordance with section 107, Internal Revenue Code. One of these fees in the amount of $18,000 was paid to petitioner by the Wyandotte Worsted Co. The services rendered for that fee were performed by petitioner during the period beginning October 1, 1940, and ending November 7, 1943, and were attributable under section 107 to the following periods and in the following amounts:

| Year | Months | Amount |
|---|---|---|
| 1940 | 3 | $1,459.47 |
| 1941 | 12 | 5,837.88 |
| 1942 | 12 | 5,837.88 |
| 1943 | 10 | 4,864.77 |
| Total | 37 | 18,000.00 |

The other fee in the amount of $9,850 was paid to petitioner for professional services in *In the Matter of the Estate of William H. Gilmore*. The services rendered for that fee were performed by petitioner during the period beginning June 24, 1940, and ending December 1, 1943, and were attributable under section 107 to the following periods and in the following amounts:

| Year | Months | Amount |
|---|---|---|
| 1940 | 6 | $1,441.44 |
| 1941 | 12 | 2,882.88 |
| 1942 | 12 | 2,882.88 |
| 1943 | 11 | 2,642.80 |
| Total | 41 | 9,850.00 |

The total amount of the above fees attributable under section 107 to the taxable year 1942 was $8,720.76.

The tax attributable to the section 107 income for the periods to which the services were allocated was for the years indicated as follows:

| | |
|---|---:|
| 1940 | $213.17 |
| 1941 | 3,344.28 |
| 1942 | 3,391.85 |
| 1943 | 2,765.71 |
| Total | 9,715.01 |

Petitioner's income tax liability for the year 1942 prior to the discharge thereof under the Current Tax Payment Act of 1943 was $1,675.51.

Petitioner's net income and victory tax for 1943, before addition of tax on section 107 income, was $1,468.70. His total income and victory tax for 1943, computed without regard to the provisions of section 6 of the Current Tax Payment Act, was $11,183.71. Respondent determined that petitioner's tax for 1943, computed under such act, was $11,602.59. The items involved in such determination are as follows:

| | |
|---|---:|
| Net income and victory tax before addition of tax on section 107 income | $1,468.70 |
| Tax on section 107 income | 9,715.01 |
| Tax for 1943 prior to application of Current Tax Payment Act | 11,183.71 |
| One-fourth of amount of 1942 tax ($1,675.51), added as required by Current Tax Payment Act | 418.88 |
| Total | 11,602.59 |

Petitioner computed his tax for 1943 as $9,058.70 instead of $11,602.59, as determined by respondent. In his computation petitioner excluded from his 1943 income $8,720.76 which was that part of his section 107 income received in 1943 attributable to the year 1942, and added such amount to his 1942 income in computing what would have been his 1942 tax for the purpose of the application thereto of section 107 and section 6 (a) of the Current Tax Payment Act. The 1943 tax on such excluded income computed under the provisions of section 107 was $3,391.85. Petitioner added his 1942 tax of $1,675.51, and arrived at a total tax for 1943 of $9,058.70.

The items involved in petitioner's summation of his income and victory tax liability for 1943 are as follows:

| | | |
|---|---:|---:|
| Net income and victory tax before addition of tax on section 107 income | | $1,468.70 |
| Additional tax under section 107—1940 | $213.17 | |
| 1941 | 3,344.28 | |
| 1942 | 0.00 | |
| 1943 | 2,765.71 | 6,323.16 |
| | | 7,791.86 |

Assumed tax for 1942 $5,067.36, composed of:

    1942 tax before 107 addition_____ $1, 675. 51

    Additional tax under 107_____ 3, 391. 85

One-fourth of amount of assumed 1942 tax added as required by Current Tax Payment Act_____ $1, 266. 84

       Total income and victory tax liability_____ 9, 058. 70

The decision in *William F. Knox*, 10 T. C. 550, is controlling on the sole contested issue here. Respondent's determination must be overruled.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

Hill, *J.*, dissenting: The decisive question here is the same as that in *William F. Knox*, 10 T. C. 550. I was not in agreement with the holding in that case and expressed my views in a dissenting opinion.

Both here and in the *Knox* case the majority holds that the Current Tax Payment Act of 1943 requires that that part of section 107 income received in 1943 which is attributable to, although not taxable in, 1942 shall be excluded from taxable income of 1943 and superimposed on the taxable income of 1942 as part of the base for computing the 1942 tax liability. On the aggregate of the 1942 taxable income and such superimposed income of 1943, the majority computes what it terms the tax liability for 1942. This so-called 1942 tax liability is, under the holding of the majority, the amount of 1942 tax which is discharged as of September 1, 1943.

In my view, there is no provision in the Current Tax Payment Act which authorizes or justifies such holding. Moreover, the Congress, out of an abundance of precaution against the possibility of such interpretation of the act, provided in subsection 6 (d) (3) of the act that section 107 of the code "shall be applied without regard to subsections" (a) and (b) of the Current Tax Payment Act. But the effect of the majority opinion is that such provision is not binding on this Court and that the language, "shall be applied without regard to," etc., shall be totally disregarded.

The quoted provision of subsection 6 (d) (3) obviously means that section 107 shall be applied as it would be applied if the Current Tax Payment Act had not been enacted. Such application requires that all of section 107 income shall be taxed in the year received and that no part thereof shall be the basis of a tax liability for a prior period to which the underlying services may be attributable.

In the instant case petitioner received in 1943 $27,500 of section 107 income. Of such amount, $8,720.76 was attributable to services rendered in 1942. Under the majority holding this amount of $8,720.76 is excluded from 1943 income and consequently not taxed in 1943.

It is added to 1942 income, notwithstanding it was not 1942 income and could under no circumstances be taxed or made the basis of a tax liability in that year. The effect of taking out $8,720.76 of the 1943 section 107 taxable income and adding such amount to the income of 1942 is to increase fictitiously the tax liability for 1942 as a basis to which to apply the 75 per cent forgiveness feature of the Current Tax Payment Act.

The amount of tax on the $8,720.76 of section 107 1943 income, if taxed in 1943 as it should have been, is $3,391.85.

Petitioner's tax liability for 1942 was $1,675.51. Under the Current Tax Payment Act he is entitled to a forgiveness of 75 per cent of this amount, namely, $1,256.63, but the majority holds that the above item of $3,391.85 of the 1943 tax liability shall be transferred to, and become a part of, the 1942 tax liability for the purpose of forgiveness of tax under the Current Tax Payment Act. The 1942 tax liability is thereby fictitiously increased from $1,675.51 to $5,067.36, thus securing to petitioner a forgiveness of tax in the amount of $3,800.52 instead of $1,256.63. The tax forgiveness of $3,800.52 thus granted petitioner is made up of $2,543.89 of his 1943 tax and $1,256.63 of his 1942 tax liability. In my view, petitioner is entitled to forgiveness of tax in the latter amount only.

The forgiveness feature of the Current Tax Payment Act, by the terms of such act, applies only to the tax liability of 1942. The majority holds that it shall apply not only to the tax liability of 1942 but also under the facts here to a portion of the 1943 tax as well. I do not agree.

TURNER and LEECH, *JJ.*, agree with this dissent.