EDWARD C. THAYER AND MARGARET B. THAYER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17652.   Promulgated May 20, 1949.

*Edward C. Thayer, Esq., pro se.*
*Leo C. Duersten, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $991.70 in income tax for the calendar year 1944. The facts have been stipulated. Two issues are presented for decision. They both relate to income taxable under section 107 (a) of the Internal Revenue Code. The first is whether all or only 25 per cent of the tax attributable to the part of the income allocable to 1942 is to be considered in the computation required under section 107 (a). The Commissioner concedes that this question has been decided against him in *William F. Knox*, 10 T. C. 550, and *Arthur T. Schmidt*, 10 T. C. 746.

The second issue has to do with the interrelation between section 23 (x) [1] allowing a deduction for medical care expenses, and section 107 (a) [2] limiting the tax on income received in the taxable year for personal services performed over a period of 36 calendar months or more. The petitioners, husband and wife, filed a joint return for 1944 with the collector of internal revenue for the district of Massachusetts. The husband, hereinafter called the petitioner, is a lawyer. He received in 1944 a fee of $10,381.60 which is within section 107 (a). $919.90 thereof was allocable to 1944 and the balance was allocable to prior years. The petitioner had medical expenses in 1944 of the kind described in section 23 (x), amounting to $2,311.20. He deducted as a medical expense on his return the excess of the amount expended for medical care over 5 per cent of the adjusted gross income, including in gross income only that part of the fee mentioned above which was allocable to 1944. The Commissioner, in determining the deficiency, disallowed a part of the deduction claimed for medical care and allowed only that part which represented the excess of the medical expenses over 5 per cent of the taxpayer's adjusted gross income, including therein the entire fee. This action of the Commissioner is assigned as the second error by the petitioner, who claims his return was correct in principle in this respect and needs to be corrected only for some changes in the figures in accordance with the stipulation of the parties.

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

  \*       ·       \*       \*       \*       \*       \*

  (x) MEDICAL, DENTAL, ETC., EXPENSES.—Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in section 25 (b) (3), to the extent that such expenses exceed 5 per centum of the adjusted gross income.  \*  \*  \*

[2] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

  (a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

The parties are not in disagreement as to the computation of the tax, disregarding section 107 (a), and they also agree that that tax exceeds the tax computed giving recognition to section 107 (a). That section requires a comparison of that portion of the tax computed without regard to section 107 (a) which is attributable to the fee, with the aggregate of the taxes which would be attributable to the fee had it been earned ratably over the period of 36 months or more. The lesser of the two must be used.

The Commissioner's method of applying section 107 (a) is to:

(1) compute the 1944 tax as if section 107 (a) were not applicable,

(2) compute the tax at 1944 rates after eliminating the entire fee from net income as determined under (1),

(3) compute the tax at 1944 rates after eliminating from net income as determined under (1) all of the fee except the portion thereof attributable to 1944 under the ratable allocation method provided in section 107 (a),

(4) compute the tax attributable to that portion of the fee allocable to prior years by taking the excess of the tax for each year resulting from the inclusion in net income for each prior year of the portion of the fee allocable thereto over the tax previously determined for that year,

(5) subtract the tax under (2) from the tax under (1) to determine the tax attributable to the entire fee at 1944 rates,

(6) subtract the tax under (2) from the tax under (3) in order to determine the tax attributable to the portion of the fee allocated to 1944,.

(7) add to the tax under (2) the tax under (4) and the tax under (6). The sum of these amounts he regarded as the tax liability for the year because it was less than the tax under (1).

The petitioner, as the Court understands him, argues that the same error persists in steps (2) and (3) of the Commissioner's method. His point is that the net income for the purpose of the computations under (2) and (3) can not be determined correctly by starting with the net income used in computation (1) because, in the determination of net income under computations (1), (2), and (3), one of the deductions allowed in reducing gross income to net income depends upon the amount, if any, of the fee which is included in gross income and adjusted gross income. That is, the deduction for medical care increases as the amount of the fee to be included in gross income decreases, and, consequently, net income does not decrease merely by the amount of the fee which is taken out of gross income, but decreases in a greater amount.

The Commissioner only once computes the deductions necessary to reduce gross income to net income. Having done that, he then merely

eliminates from net income, by subtraction, the portion of income which he wants to eliminate from gross income representing section 107 (a) income, in order to determine the tax attributable to such income. He thus disregards the fact that the medical care deduction varies with every change in gross income and the tax attributable to section 107 (a) income can not be determined by using a deduction computed, not upon the gross income on which the tax is being computed, but upon a much larger amount of gross income. The portion of the tax under (1) which is attributable to inclusion of the entire fee in adjusted gross income as well as that portion of the tax under (3) which is attributable to including in adjusted gross income that part of the fee which is allocable to 1944 under section 107 (a), can not be determined accurately except by making a new computation of net income in (2) and (3), in which computation the deduction for medical care is limited to the excess of the medical expenses over 5 per cent of adjusted gross income, including in adjusted gross income only so much, if any, of the fee as is being subjected to tax in that particular computation.

The purpose of section 107 (a) was to limit the tax to what it would have been if the fee had been earned ratably over the period. If it had been earned ratably over the period, only that part allocable to 1944 would go into adjusted gross income for the purpose of computing the deduction under section 23 (x).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

Hill, *J.*, dissents.