MAURICE H. VAN BERGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 33838.   Promulgated June 12, 1952.

*Max Perl, Esq.*, and *Milton D. Solomon, Esq.*, for the petitioner.
*Joseph F. Rogers, Esq.*, for the respondent.

520

OPINION.

OPPER, *Judge:* Petitioner claimed the benefit of section 107 in reporting his 1945 income. We are faced at the threshold with the question whether such treatment constitutes a failure to report more

than 25 per cent of his income, thus invoking the 5-year statute of limitations under section 275(c), Internal Revenue Code.[1] For if not respondent's claim is barred in any event.

We fail to see how this question can be answered in the affirmative from the standpoint of either the facts or the law. Treating the issue as one fact, it is stipulated that "Petitioner received a check * * * in the amount of $37,675.05 as compensation for services. Petitioner reported said compensation in his return for 1945 * * *." This stipulation is borne out by the return itself which shows a reference on the first page to "See attached schedules" and in the schedules computing the tax due under section 107 reference is made to this item not once but at least four times as "The agreed compensation for said services was * * * $37,675.05 which sum was entirely paid during the calendar year 1945"; "Compensation received in 1945 $37,675.05"; "Net income including $37,675.05 as above," and "Entire compensation received in 1945 from J. A. Harris, 37,675.05." We have accordingly found as a fact that petitioner has reported the receipt of the compensation as a part of his 1945 gross income.

The very circumstance that petitioner claimed the benefit of section 107 would indicate as a legal matter that the amount in question was included in his gross income, the section being applicable by limiting "the tax attributable to any part thereof *which is included in the gross income of any individual * * *."*[2] (Emphasis added.) Thus, it could hardly be consistent to say that a taxpayer claiming the benefits of the tax computation of section 107 has omitted "from gross income"[3] the very amounts upon which the statute operates only if included in gross income.

Curiously enough, there is no item on the Individual Income Tax Return Form expressed as indicating "gross income." It cannot hence be argued that the mere failure to insert the figure at any designated place in the return constitutes its omission from "gross income." Line 5 of the return at which point the total of the income items appears is characterized on page 3 of the return as "Adjusted

---

[1] (c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

[2] SEC. 107. * * *

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

[3] See footnote 1.

Gross Income." [4]  A reference to section 22 (n), Internal Revenue Code, demonstrates that gross income and adjusted gross income are not the same. [5]

Added to this is the fact that the tax under section 107 is conceived as a tax on income of the year received. *Federico Stallforth*, 6 T. C. 140. This was so notwithstanding that in some situations in order to observe the mandate of the statute that the tax shall not be greater than it would have been had the receipt taken place in installments over other years, some heed must be given to tax computations so arrived at. *William F. Knox*, 10 T. C. 550. Cf. *Edward C. Thayer*, 12 T. C. 795.

We conclude that by computing his tax and reporting his income so as to avail himself of the benefits of section 107, petitioner did not omit from gross income any part of the compensation affected; and that accordingly not the 5- but the 3-year statute of limitations applies. It being conceded that the deficiency notice was issued beyond the 3-year limit, respondent's action is barred and it becomes unnecessary to consider the substantive question whether or not petitioner was entitled to the tax computation he claimed.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

[4] "(1) Entire amount shown in Item 5, p. 1. This is your adjusted gross income."
[5] (n) DEFINITION OF "ADJUSTED GROSS INCOME."—As used in this chapter the term "adjusted gross income" means the gross income minus—