ALBERT G. REDPATH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35876. Promulgated December 17, 1952.

*Abraham Tannenbaum, Esq.*, for the petitioner.
*Paul M. Stewart, Jr., Esq.*, for the respondent.

OPINION.

Van Fossan, *Judge:* The sole question for determination in this proceeding is the amount of the petitioner's net operating loss carry-

back deduction for the year 1945.[1]  In 1947 the petitioner received a fee of $6,755.48 for personal services rendered as a trustee over a period of 41 months from April 1943 to September 1946.  The parties do not disagree that the provisions of section 107 (a) of the Internal Revenue Code [2] would apply to this compensation received by the petitioner in 1947, but they differ, however, as to the effect of the receipt of this income upon the petitioner's net operating loss for that year.

The respondent contends that the petitioner cannot take advantage of section 107 (a), I. R. C., because the petitioner suffered a loss in the year of receipt of the compensation and no tax is due thereon.  Thus, it is urged that the petitioner's net operating loss for 1947 must be calculated with the inclusion in 1947 gross income of the fee received in that year.  The petitioner argues that section 107 (a), I. R. C., is applicable to the fee received in 1947, and, as a result, the amount of $6,755.48 is to be allocated over the 41 months during which the serv-

[1] SEC. 122. NET OPERATING LOSS DEDUCTION.

(a) DEFINITION OF NET OPERATING LOSS.—As used in this section, the term "net operating loss" means the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d).

(b) AMOUNT OF CARRY-BACK AND CARRY-OVER.—

(1) NET OPERATING LOSS CARRY-BACK.—If for any taxable year beginning after December 31, 1941, the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-back for each of the two preceding taxable years, except that the carry-back in the case of the first preceding taxable year shall be the excess, if any, of the amount of such net operating loss over the net income for the second preceding taxable year  *  *  *.

*        *        *        *        *        *        *

(d) EXCEPTIONS, ADDITIONS, AND LIMITATIONS.—The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows:

(1) The deduction for depletion shall not exceed the amount which would be allowable if computed without reference to discovery value or to percentage depletion under section 114 (b) (2), (3), or (4) ;

(2) There shall be included in computing gross income the amount of interest received which is wholly exempt from the taxes imposed by this chapter, decreased by the amount of interest paid or accrued which is not allowed as a deduction by section 23 (b), relating to interest on indebtedness incurred or continued to purchase or carry certain tax-exempt obligations ;

(3) No net operating loss deduction shall be allowed ;

(4) Gains and losses from sales or exchanges of capital assets shall be taken into account without regard to the provisions of section 117 (b).  As so computed the amount deductible on account of such losses shall not exceed the amount includible on account of such gains.

(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business.  For the purposes of this paragraph deductions and gross income shall be computed with the exceptions, additions, and limitations specified in paragraphs (1) to (4) of this subsection.

*    '    *        *        *        *        *        *

[2] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

ices were performed. Thus, petitioner concludes, his net operating loss for 1947 remains $29,244.94 unadjusted by the receipt of the trustee's fee.

Section 107 (a), I. R. C., limits the tax attributable to any part of such compensation as the petitioner received, which is included in gross income (all of it being so includible here) to an amount which shall not be greater than the aggregate of the taxes attributable to such compensation had it been included in gross income over the prior pertinent years. Section 107 (a), I. R. C., merely limits the tax in the year of receipt, it does not provide for the shifting of income or the recomputation of tax liability for other years. *Federico Stallforth*, 6 T. C. 140. The tax for the year of receipt is merely limited to an amount which is the lesser of two computations of the tax attributable to the fee. *Edward C. Thayer*, 12 T. C. 795; *Maurice H. Van Bergh*, 18 T. C. 518. It is assumed for purposes of one computation, that the income had been included in gross income in prior years and the tax so computed is compared with the alternative tax computation computed without this assumption. The question here involved is not resolved by the application of section 107 (a).

Regardless of which method of computation of the tax under section 107 (a), I. R. C., results in the lesser tax and is applied to the compensation received in the current year, the amount of gross income to be taxed in the current year remains unaffected. The petitioner properly interprets section 107 (a), I. R. C., in contending that this section was intended to limit the tax to what it would have been, had the compensation been received ratably over the period of service. The tax to be limited, however, is the tax in the year of receipt and section 107 (a), I. R. C., does not have as its purpose the reopening of prior years' taxes and the shifting of income from the current year to others. *George K. Ford*, 18 T. C. 387. The petitioner's contention that his 1947 net operating loss is not to be reduced by the receipt of the fee in 1947, loses all force when it is seen that regardless of section 107 (a), I. R. C., the $6,755.48 received in 1947 is not excludible from the petitioner's gross income in that year. Section 107 (a) is concerned with, and limits, the computation of tax, while section 122 deals with the computation of net income, or more specifically, with net operating loss deductions. Under the provisions of section 122, I. R. C., the net operating loss consists of the excess of the deductions over gross income with the exceptions therein specified. The $6,755.48 fee is includible in the petitioner's 1947 gross income without regard to the amount of tax placed upon it under the provisions of section 107 (a), I. R. C. So included, it reduces the 1947 net operating loss to $22,489.46. This amount is available as a net operating loss carry-back deduction for 1945.

*Decision will be entered for the respondent.*