BENJAMIN MAHLER AND JULIA F. MAHLER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45231.   Filed September 17, 1954.

*Benjamin Mahler, Esq., pro se.*
*George E. Grimball, Jr., Esq.,* for the respondent.

### OPINION.

OPPER, *Judge:* Respondent determined a deficiency of $10,020.67 in petitioners' income taxes for the year 1948. An overpayment is also claimed. Petitioners do not contest certain adjustments. A mathematical error in the final determination is conceded by respondent. The questions to be decided are (1) whether, in allocating certain compensation received by petitioner Benjamin Mahler in 1948 to the prior years 1942 through 1947, inclusive, in order to recompute the 1948 tax under section 107 (a), Internal Revenue Code of 1939, such compensation may be further allocated to his wife despite the fact that petitioners filed separate returns prior to the years in controversy and during the allocation period involved under section 107 (a); and (2) whether, in computing the credit for taxes paid in the prior allocation years 1942, 1943, and 1944, (a) the tax actually paid in those years or (b) a tax previously determined constructively for those years because of section 107 (a) compensation received in 1944 is appropriate.

All of the facts are stipulated and are found accordingly.

Petitioners are husband and wife, and have been such husband and wife throughout the period involved herein. They filed individual tax returns for each of the years 1941 to 1947, inclusive, and a joint return for the year 1948. The joint return for 1948 was filed with the collector of internal revenue for the second district of New York.

Benjamin Mahler, hereinafter called petitioner, is an attorney at law with offices in New York City.

During the year 1944, petitioner received the sum of $5,000 as a legal fee for services rendered during the period 1941 to 1944, inclusive.

He elected to report this income under the provisions of section 107 (a) of the Internal Revenue Code of 1939.

Petitioner's tax returns for the years 1941 to 1944 were examined by a revenue agent and the income and tax liability for those years were determined by respondent. The following table summarizes the income and tax liability so determined for those years:

| | 1941 | 1942 | 1943 | 1944 |
|---|---|---|---|---|
| Net income before adding sec. 107 income* | $12,409.45 | $15,338.03 | $18,089.15 | $22,847.19 |
| Less long-t. cap. gain | | | | 3,775.60 |
| Balance | $12,409.45 | $15,338.03 | $18,089.15 | $19,071.59 |
| Less personal exmp. & dep. cr | 1,900.00 | 1,550.00 | 1,550.00 | 2,000.00 |
| Inc. subj. to surtax | $10,509.45 | $13,788.03 | $16,539.15 | $17,071.59 |
| Less earned inc. cr | 447.63 | 944.65 | 904.31 | |
| Bal. subj. to norm. tax | $10,061.82 | $12,843.38 | $15,634.84 | $17,071.59 |
| Income tax | 1,849.83 | 4,074.29 | 5,349.92 | 6,292.95 |
| Victory tax | | | 488.85 | |
| Cap. gain tax | | | | 1,887.80 |
| Total tax | $1,849.83 | $4,074.29 | $5,838.77 | $8,180.75 |
| Less ¾ forgiveness | | 3,055.72 | | |
| Tax, before considering 107 income | $1,849.83 | $1,018.57 | $5,838.77 | $8,180.75 |

*The net income shown above for the year 1944, and the tax thereon, includes the portion of the section 107 income received in 1944 which is allocable to 1944.

The tax thereafter computed on the portion of the 1944 section 107 income, taxable at the rates for the years 1941, 1942, and 1943, was determined to be $1,298.46, as follows:

| | 1941 | 1942 | 1943 |
|---|---|---|---|
| Net income per RAR's | $12,409.45 | $15,338.03 | $18,089.15 |
| Section 107 income | 1,341.46 | 1,463.41 | 1,463.41 |
| Less: | | | |
| Personal exemp. & depncy. cr | 1,900.00 | 1,550.00 | 1,550.00 |
| Earned income credit | 581.77 | 1,090.99 | 1,050.65 |
| | $2,481.77 | $2,640.99 | $2,600.65 |
| Balance | $11,269.14 | $14,160.45 | $16,951.91 |
| Total taxes thereon | 2,233.50 | 4,730.21 | 6,589.58 |
| Taxes, excluding 107 income | 1,849.83 | 4,074.29 | 5,838.77 |
| Taxes applicable to 107 income | 383.67 | 655.92 | 750.81 |
| Less ¾ forgiveness | | 491.94 | |
| Balance | $383.67 | $163.98 | $750.81 |

### SUMMARY

| | |
|---|---|
| 1941 | $383.67 |
| 1942 | 163.98 |
| 1943 | 750.81 |
| Total | $1,298.46 |

The sum of $1,298.46 thus determined to be due was added to the sum of $8,180.75 determined due for the income taxable at 1944 rates, and a total of $9,479.21 was then assessed for the year 1944.

In 1948, a legal fee of $69,498 was received by petitioner for services rendered during the period from March 1, 1942, to January 31, 1948. Petitioner elected to report this fee under the provisions of section 107 of the Internal Revenue Code of 1939.

The fee of $69,498 was earned and is allocable, as stipulated, to the extent of $578.85 in 1948, $9,788.45 in 1942, and $11,746.14 in each of the years 1943 to 1947, inclusive.

Petitioners computed their 1948 joint income tax liability on the above 1948 section 107 (a) income pursuant to the provisions of sections 51 (b) and 12 (d) of the 1939 Code, as follows: The sums allocable to 1942 and subsequent years' earnings were split in approximate equal parts, the tax on one half was computed at 1942 to 1947 rates based on the income of petitioner, and the tax on the other half was computed at 1942 to 1947 rates based on the income of petitioner's wife for those years. The combined 1942 to 1947 tax due on the 1948 section 107 (a) income as thus determined for the two petitioners was then totaled and such total added to the tax determined on 1948 income taxable at 1948 rates.

Upon audit of petitioners' joint 1948 tax return, respondent determined that no portion of the $68,519.15 long-term compensation received by petitioner in 1948 might be allocated under the provisions of section 107 of the Internal Revenue Code of 1939 to the separate returns filed by the wife for years prior to 1948.

Petitioner's computation on his 1948 income tax return of taxes attributable to that part of the 1948 long-term compensation allocable to the years 1942, 1943, and 1944 starts with net income of $16,801.44, $19,552.56, and $22,847.19 for those years, respectively. Such amount of net income for the years 1942, 1943, and 1944 includes for each year that part of the long-term compensation received in 1944 which had been allocated to each of the years 1942, 1943, and 1944 for purposes of section 107 (a) in the year 1944.

Petitioner's computation, on his 1948 return, also allows as a deduction or credit for previous taxes the amounts of $4,730.21, $6,589.58, and $8,180.75 for the years 1942, 1943, and 1944. Such amounts include for each year the tax on the long-term compensation received in 1944 which is allocable to each of said years.

Respondent's computation of petitioner's tax liability includes the deduction from the total tax computed on "Adjusted Net Income" in each of the allocation years 1942 through 1947, inclusive, amounts labeled "Tax Previously Assessed." Petitioner's taxes as actually assessed and paid for the years 1942, 1943, and 1944 differ from the

taxes constructively determined solely for purposes of section 107 (a) in the year 1944 as follows:

| Taxes actually assessed and paid | Year | Constructive tax based on computing 1944 sec. 107 income taxability |
|---|---|---|
| $4,074.29 (less ¾) | 1942 | $4,730.21 (less ¾) |
| 5,838.77 | 1943 | 6,589.58 |
| 9,479.21 | 1944 | 8,180.75 |

The parties have agreed that in the event petitioners are successful in their primary contention that one-half of the long-term compensation received by petitioner is allocable to the wife for the prior years under section 107 (a), then the computation set forth in the joint 1948 return for the wife, incorporated herein by reference, is to be taken as correct.

We are confronted with a further refinement in the application of section 107, Internal Revenue Code of 1939,[1] resulting from the receipt by petitioner in 2 different years of long-term compensation entitled in both instances to the benefits of that section. The dispute between the parties is a narrow one. There is no disagreement that the compensation received in the instant year is to be allocated for tax computing purposes over the 7 years during which it was being earned. Nor is there disagreement that for the purpose of arriving at the constructive income for some of the earlier years the aliquot part of the compensation previously received is to be added in. This is in accordance with the requirement of respondent's regulation[2] and only the details of its application remain in controversy.

In deducting the amount of the credit for taxes on income earned in the earlier years petitioner would have us subtract the entire payment he made for 1944, the prior year when the long-term compensation was

[1] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.

[2] Regs. 111, sec. 29.107–1. PERSONAL SERVICES.

\* \* \* \* \* \* \*

If an individual, in computing his income tax for a particular taxable year, avails himself of the benefits of section 107 (prior or subsequent to its amendment by section 139 of the Revenue Act of 1942) with respect to compensation received or accrued in such year for personal services, and in a subsequent taxable year receives or accrues compensation for other personal services, all or a part of the period of which services is the same as the period of the services for which he was compensated in the previous taxable year, then he must, in availing himself of the benefits of section 107 for such subsequent taxable year, take into consideration the fact that he has previously allocated compensation to all or a part of the period of service. \* \* \*

received, while respondent would deduct only the tax attributable to that long-term compensation for the years 1942, 1943, and 1944 by reason of their inclusion in the computing period applicable to the 1948 payment. In other words, in 1944 petitioner paid a tax on income received in that year which was smaller than it otherwise would have been because he elected and was permitted to avail himself of the provisions of section 107. In computing the tax paid for 1944 respondent would reduce that actual figure still further by eliminating the part of that tax attributable to the first year, 1941, which the 1944 payment covered. That is because the year 1941, while it was one of the series involved in the 1944 payment, is not included in the period of years over which the services were rendered for which payment was received in 1948, the year now under review.

The question appears to be one of first impression. No conclusive authority has been cited by the parties nor does an independent examination reveal one.

Petitioner's position must, however, in our view yield to the general principle which has frequently and consistently found expression. "The purpose of section 107 (a) was to limit the tax to what it would have been if the fee had been earned ratably over the period." *Edward C. Thayer*, 12 T. C. 795, 798. See also *William F. Knox*, 10 T. C. 550. Applying that approach, the period with which we are presently dealing includes only the span from 1942 through 1948. On the same theory, we are here concerned only with the portion of the prior income attributable to the relevant years, 1942–1944, inclusive. We conclude that both the allocable portion of the income received in 1944, and the tax paid on it, should be treated as though that income "had been earned ratably over the period" 1942–1944. For present purposes the fact that a further amount was allocated to a year prior to the period during which the 1948 compensation was earned seems to us of no significance whatever. Only the years from 1942 to 1948 should be considered and only the compensation allocable to those years under section 107 should be employed in computing both the prior tax and the tax that now arises by the application of that section. The result is that respondent's contention in this respect is correct.

A second issue relating to the propriety of an "income-splitting" computation under section 107 with respect to the petitioner's wife is concluded by our decision in *Ayers J. Stockly*, 22 T. C. 28.

To take account of this adjustment and also of a conceded error in computation,

*Decision will be entered under Rule 50.*

Reviewed by the Court.