**GUEST v. COMMISSIONER OF INTERNAL REVENUE.**

No. 12538.

United States Court of Appeals
Fifth Circuit.

June 29, 1949.

Benjamin H. Bartholow, New York City, for petitioner.

Robert M. Weston, Robert N. Anderson, Ellis N. Slack, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, Bureau of Internal Revenue, Washington, D. C., Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., for respondent.

Before SIBLEY, HOLMES and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This petition for review involves a deficiency in income taxes for the calendar year 1943, only the victory-tax portion of which is in controversy. The sole question is the proper application of the 90% limitation prescribed by Section 456 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Acts, page 266, which provides that the tax shall not exceed 90% of the net income of the taxpayer for the taxable year over the tax imposed by Chapter one of the Internal Revenue Code, computed without regard to the victory tax and without regard to the credits for foreign taxes and taxes withheld at the source. There the statute stops; but the respondent's regulation adds an additional limitation by providing that the tax shall also be computed without regard to the application of Section 6(a) of the Current Tax Payment Act of 1943.[1]

There is no warrant in said Section 456 for this additional limitation. The respondent seeks to uphold the regulation by a sentence in the report of the Senate Finance Committee that does not appear in the report of the House Ways and Means Committee. The latter originally had charge of this legislation, and was primarily responsible for the language in which it was couched. Moreover, there was no conference-committee report on this bill; it went to the Senate without amendment in the form in which it came from the House of Representatives. Therefore, the clear and unambiguous language of the act must speak for itself, since its legislative history does not reveal any general Congressional intent upon the point in issue. It has been well said that the spurious use of legislative history must not be permitted to swallow the legislation itself.

The contention of the respondent is predicated upon the postulate that only 75% of the 1942 tax was forgiven, despite the fact that Section 6(a) of the Current Tax Payment Act of 1943 directs that the income-tax liability "for the taxable year 1942 shall be discharged as of September 1, 1943." The distinction to be made between generality and controlling statutory provisions is recognized by the respondent in the following extract from Treasury Decision 5300 (approved October 1, 1943), 1943 Cum. Bull. 43, 47: "In general, the effect of these provisions found in section 6 of the Act * * * is to cut down the amount of tax liability otherwise payable by an individual taxpayer * * * by 75 per cent of the amount of the tax liability for the lower year * * * Technically, the entire tax liability for the taxable year beginning in 1942 is discharged as of September 1, 1943, but the tax imposed by Chapter 1 of the Internal Revenue Code for the taxable year beginning 1943 is increased to achieve the effect outlined in the foregoing sentence * * *"

The specific provisions of the statute must prevail, and they clearly demonstrate that the increase made by Section 6(a) of the Current Tax Payment Act in the petitioner's income-tax liability for 1943 was part of her chapter-one tax for 1943; and that, in applying the limitation of Section 456 upon the petitioner's victory-tax liability, the tax imposed by chapter one must be computed with full regard to Sec-

---

[1] Act of June 9, 1943, c. 120, 57 Stat. 126, 26 U.S.C.A. Int.Rev.Acts, pages 406, 408, 409.

870

tion 6(a) of the Current Tax Payment Act of 1943.

The Commissioner and the Tax Court, for certain purposes, have recognized that the 25% increase in the 1943 tax under Section 6(a) is part of the 1943 income tax, although measured by the fully discharged 1942 tax. In Lawrence W. Carpenter, v. Commissioner of Internal Revenue, 10 T.C. 64, the Tax Court held that the Commissioner was authorized to make adjustments in the 1942 income-tax returns of taxpayers, and to add to the 1943 tax 25% of the adjusted 1942 income taxes, provided the deficiency determination for 1943, including the increase under Section 6(a), was made within the period of limitation starting with the filing of the 1943 return. Thus the increase in the 1943 tax under Section 6(a) was held to be a part of the 1943 income tax, subject to the statute of limitations on assessments of 1943 taxes, as set out in Code Section 275(a), 26 U.S.C.A. § 275(a).[2]

Accordingly, the decision of the Tax Court is reversed, and the cause remanded with directions to enter a decision that there is no deficiency in the petitioner's victory tax for the calendar year 1943. Reversed.

---

[2] Code Section 275(a) of Chapter I: "General rule. The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."