LINWOOD A. GAGNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17193. Promulgated February 28, 1951.

*Sandow Holman, Esq.*, for the petitioner.
*John T. Rogers, Esq.*, for the respondent.

502

OPINION.

ARUNDELL, *Judge:* The principal question before us is whether the contribution to the Carlisle Hospital was paid in the taxable year 1942 as contended by respondent or in the taxable year 1943 as contended by petitioner. Petitioner seeks a deduction for this contribution under section 23 (o)[1] which, as amended by the Revenue Act of 1938, allows as a deduction in computing net income of an individual only those "contributions or gifts payment of which is made within the taxable year." Regulations 111, section 29.23(o)-1.[2]

It is essential to a gift *inter vivos* that it be given absolutely, and that there be an irrevocable delivery to the donee. *Copland* v. *Commissioner*, 41 Fed. (2d) 501. A gift given subject to the donee's compliance with certain conditions does not take effect until the donee agrees to so comply and accepts the gift. 28 C. J. 646; 24 Am. Juris. 741. The donor must vest legal title in the donee without reserving a power of revocation, and he must relinquish dominion and control of the subject matter of the gift by delivery to the donee. *Copland* v. *Commissioner, supra; Edson* v. *Lucas*, 40 Fed. (2d) 398; *Jacob* v. *Commissioner*, 139 Fed. (2d) 277; *Steele's Mills*, 4 B. T. A. 960. The gift in the instant case was not given absolutely but was given subject to substantial conditions which the donee did not agree to comply with until January 12, 1943. Until that date there was no delivery

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

    *        *        *        *        *        *        *

(o) CHARITABLE AND OTHER CONTRIBUTIONS.—In the case of an individual, contributions or gifts payment of which is made within the taxable year  *  *  *.

[2] SEC. 29.23 (o)-1. CONTRIBUTIONS OR GIFT⌐ BY INDIVIDUALS.—A deduction is allowable under section 23 (o) only with respect to contributions or gifts which are actually paid during the taxable year, regardless of when pledged and regardless of the method of accounting employed by the taxpayer in keeping his books and records.

and payment of the gift, and petitioner is, therefore, entitled to deduct the amount of the contribution from his net income for the taxable year 1943.

The *Estate of Modie J. Spiegel*, 12 T. C. 524, is not contrary. In that case the gift was absolute and delivery of the check was made to the donee within the year the deduction was allowed. See *L. M. Fischer*, 14 T. C. 792, at p. 797.

We find no merit in respondent's argument that when petitioner gave the check to Dr. Fickel he was, in effect, creating a charitable trust, having as trustees Dr. Fickel and the trustees of Carlisle Hospital, and having as beneficiary the state clinic. Petitioner had no intention of creating a charitable trust or making a gift to a charitable trust. Restatement of the Law of Trusts, § 351; Scott, The Law of Trusts (1939) § 351. Petitioner's gift was made to the Carlisle Hospital.

In computing the deficiency under Rule 50, the victory tax imposed by section 450 of the Code will be computed subject to the limitation of section 456 as interpreted in *Guest* v. *Commissioner*, 175 Fed. (2d) 868. Our decision in *Amy Guest*, 10 T. C. 750, revd. in *Guest* v. *Commissioner*, *supra*, will no longer be followed. See *Emily Marx*, 13 T. C. 1099.

Any adjustment necessary to give effect to our finding that the sum of $1,500 paid to Carlisle Hospital in 1942 was a charitable contribution may be given effect in the final computation. This sum is deductible pursuant to section 23 (o) of the Internal Revenue Code and is subject to the limitation contained in that section.

*Decision will be entered under Rule 50.*