Stanley S. Moore v. Commissioner. Claire E. Moore v. Commissioner.
Stanley S. Moore v. Commissioner
Docket Nos. 19712, 19713.
United States Tax Court
1951 Tax Ct. Memo LEXIS 55; 10 T.C.M. (CCH) 1005; T.C.M. (RIA) 51305; October 26, 1951
Frank C. Scott, C.P.A., Box 1904, Stockton 100, Calif., for the petitioners. Leonard Allen Marcussen, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent determined a deficiency in income tax and victory tax of $6,025.90 against Stanley S. Moore for the calendar year 1943, and a deficiency in income tax and victory tax of $2,574.36 for the same year against Claire E. Moore. The sole question is whether the respondent, in applying the limitation as to victory tax provided in section 456 of the Internal Revenue Code, erred in computing the tax imposed by chapter 1 of the Code by reason of his exclusion therefrom of the tax arising under section 6 (a) of the Current Tax Payment Act of 1943. [The Facts] The facts have been stipulated, *56 and as stiplated, are as follows: The petitioners are husband and wife. At all times material to these proceedings they were married and living together at their common residence in the city of Stockton, California. For the years involved in these proceedings they filed their income tax returns and income and victory tax returns on a community property basis. For the said years they kept their books of account on the accrual basis of accounting and filed their returns for the said years on the said basis of accounting. On or about the third day of March, 1948, the petitioner Claire E. Moore paid to the said collector $4,814.11 in settlement of a deficiency in income and victory tax assessed on her income and victory tax return for the calendar year 1943 under account No. 519042 on the said collector's "Additional, February 13, 1948, list." The said petitioner's petition to this Court was filed on July 26, 1948. The income tax net income of the petitioner Stanley S. Moore for the calendar year 1943 was $314,141.78, and that of the petitioner Claire E. Moore was $273,259.54. The tax (exclusive of the victory tax) imposed upon the petitioner Stanley S. Moore by chapter 1 of the *57 Internal Revenue Code for the calendar year 1943 (determined without regard to section 6 (a) of the Current Tax Payment Act of 1943 and without regard to credits against the tax) is $249,474.49, and the like tax imposed upon the petitioner Claire E. Moore is $215,524.39. The tax imposed upon the petitioner Stanley S. Moore by chapter 1 of the Internal Revenue Code for the calendar year 1942 (determined without regard to section 6 (a) of the Current Tax Payment Act of 1943 and without regard to credits against the tax) is $90,573.96, and the like tax imposed upon the petitioner Claire E. Moore is $76,073.56. The victory tax net income of the petioner Stanley S. Moore for the calendar year 1943 was $333,234.38, and that of the petitioner Claire E. Moore was $289,927.43. [Opinion] The parties agree that the question here is on all fours with that involved in Amy Guest, 10 T.C. 750, reversed by the United States Court of Appeals for the Fifth Circuit, at 175 Fed. (2d) 868. The respondent contends that the decision of this Court in that case was the correct interpretation and application of the law. The petitioners, on the other hand, contend that the *58 law was correctly interpreted and applied by the United States Court of Appeals in its opinion reversing the decision of this Court. Since the promulgation of our findings and opinion in Amy Guest, supra, and the reversal thereof, we have had occasion to re-examine the statute there dealt with. Emily Marx, 13 T.C. 1099, and Linwood A. Gagne, 16 T.C. 498. As appears in the opinions in the cases cited, we have concluded that the views of the Court of Appeals in its reversal of Amy Guest, supra, are a proper interpretation of the law, and should be followed. The claim of the petitioners is accordingly sustained. It appearing that other matters not here in question entered into the determination of the deficiencies, a recomputation will be required. Decisions will be entered under Rule 50.