**McKENNA v. GRANGER. Collector of Internal Revenue (two cases).**

**Clv. Nos. 9661, 9662.**

United States District Court
W. D. Pennsylvania.
Jan. 21, 1953.

Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for plaintiffs.

Charles S. Lyon, Asst. Atty. Gen., Andrew D. Sharpe, David A. Wilson, Jr., Sp. Assts. to the Atty. Gen., and Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

Were the issue posed in this case one of first impression, decision would not be free from difficulty; for section 6 is the only section of the Current Tax Payment Act of 1943, other than the introductory section, which does not begin with language specifically amending some portion of the Internal Revenue Code; and the legislative history of the Current Tax Payment Act of 1943 does cast doubt upon the question whether the omission of an amendatory clause in section 6 was intentional or inadvertent. Moreover, in Amy Guest, 10 T.C. 750 (1948), the Tax Court adopted the position of the Commissioner, promulgated in Treasury Regulations 111 and reasserted in the arguments before this Court, that the phrase "imposed by this chapter", first expressed in the Act of October 28, 1943, c. 290, 57 Stat. 584, 26 U.S.C.A. Internal Revenue Acts beginning 1940, p. 416, refers to Chapter One of the Internal Revenue Code, of which the Current Tax Payment Act of 1943 was not made a part.

The Amy Guest decision, however, was reviewed by the United States Court of Appeals for the Fifth Circuit, which, in Guest v. Commissioner of Internal Revenue, 1949, 175 F.2d 868, specifically rejected the holding of the Tax Court and held that "the tax imposed by chapter one must be computed with full regard to Section 6(a) of the Current Tax Payment Act of 1943." 175 F.2d at pages 869, 870. Subsequent to that decision, in Emily Marx, 13 T.C. 1099 (1940), the Tax Court withdrew from its former position and adopted that of the Fifth Circuit. The opinion of the Tax Court included the comment that "It seems unreasonable to suppose that Congress, in enacting the forgiveness feature of the Current Tax Payment Act in Section 6, intended thereby to exclude some of the tax liability of a taxpayer from the computation of a deficiency or from the computation of a rebate, the definitions of which include the words 'imposed by this chapter'." 13 T.C. 1103.

In Linwood A. Gagne, 16 T.C. 498 (1951)—which involves a Pennsylvania taxpayer—and in Stanley S. Moore, 10 T.C.N. 1005 (1951), 515 CCH Standard Federal Tax Reports ¶ 7812(M), the Tax Court reiterated its decision that the interpretation of the United States Court of Appeals in the Guest case was proper and that its own decision in that case would no longer be followed.

Unquestionably, whatever interpretation prevails for Section 6(a) of the Current Tax Payment Act of 1943 would apply with equal force to Section 6(b) of that Act. Giving due weight to the acknowledged expertise of the Tax Court, particularly when it has chosen to reject its original view and when a uniformity of interpretation of the statutory provisions now exists, this Court can perceive no valid reason why it should strain to reach a different result. In fact, the equities in this case would appear to lie clearly with the taxpayer.

Findings of Fact
and
Conclusions of Law

All facts essential to decision have been stipulated by the parties. The findings of fact which follow hereinafter are in accordance with the stipulations.

Findings of Fact

1. Plaintiff Philip M. McKenna ("Philip") and plaintiff Alexander G McKenna ("Alexander") are residents of Westmore-

land County, Pennsylvania. Each filed a timely 1942 income tax return and a timely 1943 income and victory tax return.

2. Philip's 1943 income and victory tax return disclosed an income and victory tax liability of $714,519.61, which sum he paid to defendant in installments during 1943, 1944, and 1945. Alexander's 1943 income and victory tax return disclosed an income and victory tax liability of $113,729; in 1943 Alexander paid $153,088.99 in installments, in discharge of 1943 income and victory tax.

3. By valid consents timely executed by plaintiffs and the Commissioner of Internal Revenue, the period for the assessment of income and victory tax for the year 1943 was extended to December 31, 1949.

4. After auditing the 1943 return of plaintiffs, the Commissioner determined a deficiency of $11,892.76 in Philip's 1943 income and victory tax liability, and an overassessment of $37,699.24 in Alexander's 1943 income and victory tax liability. The Commissioner assessed the said deficiency against Philip, and refunded or credited the amount of the said overassessment to Alexander.

5. When Philip received a notice and demand from defendant on October 11, 1949, in the amount of $14,901.14 (of which $11,892.76 was the alleged deficiency and $3,008.38 the interest thereon), he made payment of the sum demanded on October 22, 1949.

6. The tax (exclusive of the victory tax) imposed upon plaintiffs by Chapter One of the Internal Revenue Code, 26 U.S.C.A. § 1 et seq. for the taxable year 1943 (determined without regard to Section 6 of the Current Tax Payment Act of 1943, 26 U.S. C.A. § 1622 note, without regard to interest or additions to the tax, and without regard to credits against the tax for amounts withheld at the source) was $414,492.57 as to Philip, and $50,198.46 as to Alexander.

7. The tax imposed upon plaintiffs by Chapter One of the Internal Revenue Code for the taxable year 1942 (determined without regard to Section 6 of the Current Tax Payment Act of 1943, without regard to interest or additions to the tax, and without regard to credits against the tax for amounts withheld at the source) was $597,180.01 as to Philip, and $98,473.90 as to Alexander.

8. The tax imposed upon plaintiffs by Chapter One of the Internal Revenue Code for the taxable year 1943 (without regard to the victory tax and without regard to the credits provided in Sections 31, 32, and 35, but including the increase in the tax for 1943 by the amount of the 1942 tax as prescribed by Section 6(b) of the Current Tax Payment Act of 1943) was $700,803.15 as to Philip, and $111,023.52 as to Alexander.

9. In his final determination of plaintiffs' income and victory tax liability for 1943, the Commissioner determined Philip's victory tax to be $21,724.52 (of which three-fourths, $16,293.39, was forgiven pursuant to Section 6(b) of the Current Tax Payment Act of 1943), and Alexander's victory tax to be $3,620.56 (three-fourths of which, $2,715.42, was forgiven pursuant to Section 6(b) of the Current Tax Payment Act of 1943). The Commissioner computed a total income and victory tax liability, including the increase in the tax for 1943 by the amount of the 1942 tax as prescribed by Section 6(b) of the Current Tax Payment Act of 1943, of $706,234.28 as to Philip, and $111,928.65 as to Alexander.

10. Philip's net income for the taxable year 1943, as finally determined by the Commissioner, was $544,378.75. Ninety percent of such net income is $489,940.88, which is less than the amount of $700,803.15 of tax, computed as described in Finding 8 above. The Commissioner determined Alexander's net income for the taxable year 1943 to be $82,404.26, of which net income ninety percent is $74,163.83, which is also less than the amount of $111,023.52 of tax, computed as described in Finding 8 above.

Conclusions of Law

1. This Court has jurisdiction of the subject matter and parties involved.

2. Section 6 of the Current Tax Payment Act of 1943, for the purposes of the issue at hand, must be considered part of Chapter One of the Internal Revenue Code. Thus, the tax imposed by Chapter One of the Internal Revenue Code must be

computed with regard to Section 6(b) of the Current Tax Payment Act of 1943, that Section being treated as an integral part of the Chapter, for the year 1943.

3. As to each plaintiff, ninety per-cent of his net income for the taxable year 1943 is a smaller amount than the amount of tax imposed upon him for 1943 by Chapter One of the Internal Revenue Code, with Section 6 of the Current Tax Payment Act of 1943 being considered a part of the Chap-ter. Neither plaintiff, therefore, owed a victory tax for the taxable year 1943.

4. Philip has overpaid his 1943 victory tax by $5,431.13, plus $1,373.85 of interest thereon, and Alexander by $905.14. Philip is entitled to judgment against defendant in the sum of $6,804.98, with interest thereon from October 22, 1949, and costs; Alexan-der is entitled to judgment against defend-ant in the sum of $905.14, with interest thereon from March 15, 1944, and costs.